

Received
FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 8 2005

LUTHER J. THOMAS, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OPTIMUM TECHNOLOGIES, INC.,           )
                                      )     CIVIL ACTION FILE
        Plaintiff,                    )
                                      )     NO. 1:04-CV-3260  TWT
v.                                    )
                                      )
THE HOME DEPOT, INC., and             )
ACE HARDWARE CORPORATION,             )
                                      )
        Defendants.                   )
_____  )

## STIPULATED PERMANENT INJUNCTION AND CONSENT ORDER

Plaintiff Optimum Technologies, Inc. ("Optimum") and Defendant Ace

Hardware Corporation ("Ace"), as settlement between the parties, stipulate to the

entry of this Stipulated Permanent Injunction and Consent Order against Ace

Hardware Corporation without the taking of additional proof, without trial or

adjudication of the facts or law herein, and with Ace having agreed to waive its

right of appeal and having approved of this Order as to form and content.

WHEREAS, Optimum filed a Complaint in the United States District Court

for the Northern District of Georgia alleging, *inter alia*, trademark infringement of

the LOK-LIFT Marks by Ace.

THEREFORE, IT IS HEREBY STIPULATED by Optimum and Ace, subject to the approval of the Court, that:

1.  For at least the past 15 years, Optimum and its predecessors have adopted and used certain trademarks, including LOK-LIFT, LOK-LIFT RUG GRIPPER and RUG GRIPPER, in connection with the marketing, offering and selling its LOK-LIFT RUG GRIPPER product and Optimum is the owner of federally-registered trademarks relating to its LOK-LIFT RUG GRIPPER product. Specifically, Optimum owns U.S. Registration No. 1,150,522 for the LOK-LIFT word mark and U.S. Registration No. 1,426,643 for the LOK-LIFT word plus design mark (the "LOK-LIFT Marks").

2.  By virtue of its adoption, and long and continuous use of its marks, Optimum is the owner of all right, title and interest in and to the LOK-LIFT Marks.

3.  The LOK-LIFT Marks have acquired distinctiveness through more than 15 years of use during which time Optimum has sold several millions of dollars of its LOK-LIFT RUG GRIPPER product. The LOK-LIFT Marks are recognized by customers of Optimum and Ace, and other members of the public as identifying Optimum's products.

4.  Ace admits that it used in commerce, without permission, authorization or approval of Optimum, the LOK-LIFT Marks in connection with

- 2 -

the sale, offering for sale, and advertising of a product that had not been authorized or approved of by Optimum.

    5.    Ace, and its officers, agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms or corporations in active concert or participation with Ace are hereby permanently enjoined from:

        (a)    directly or indirectly using the LOK-LIFT Marks, collectively or individually, in any manner, including reproducing, manufacturing, advertising, selling, offering for sale or distributing any product that has not been authorized or approved of by Optimum that pictures, reproduces or utilizes the LOK-LIFT Marks or any confusingly similar derivative thereof;

        (b)    Applying any of Optimum's symbols, trademarks, names, designations or terminology, or any reproduction, counterfeit, copy, or imitation of the same to any label, sign, print, package, wrapper or advertisement used in connection with the manufacture, distribution, sale or offering for sale any product other than products manufactured or approved of by Optimum;

        (c)    using any trademark, trade name, logo or design that tends to falsely represent, or is likely to confuse, mislead or deceive

- 3 -

purchasers and members of the public that the goods manufactured,

distributed, advertised, sold or offered for sale by Ace originate from

Optimum, or that said goods are sponsored, approved, licensed,

associated, connected or affiliated with Optimum unless those

products actually do originate from or are approved by Optimum.

6.    Any act in violation of any of the terms of this Order may be

considered and prosecuted as contempt of this Court.

7.    The Clerk is directed to enter this Order forthwith, and this injunctive

relief shall take effect immediately upon entry thereof.

8.    Each party shall bear its own costs and fees associated with this matter

and the injunction ordered herein.

9.    This Court shall maintain jurisdiction of this matter for purposes of

enforcing this matter.

Consented to by:

DUANE MORRIS LLP

_Matthew S. Y_____ (signature)

John C. Herman
  (Georgia Bar No. 348370)
Matthew S. Yungwirth
  (Georgia Bar No. 783597)
1180 West Peachtree Street
Suite 700
Atlanta, Georgia  30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

OF COUNSEL:
Allen L. Greenberg
  (Pennsylvania Bar No. 12558)
1180 West Peachtree Street
Atlanta, Georgia  30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Attorneys for Plaintiff
OPTIMUM TECHNOLOGIES, INC.


FINNEGAN, HENDERSON,
  FARABOW, GARRETT &
  DUNNER, LLP

_Virginia L. Carron_ (signature)

Virginia L. Carron
  (Georgia Bar No.112770)
303 Peachtree Street, NE
3200 SunTrust Plaza
Atlanta, GA  30308
(404) 653-6452 (telephone)
(404) 653-6444 (facsimile)

Attorney for Defendant
ACE HARDWARE CORPORATION


FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C.  Atlanta

**FEB 1 7 2005**

LUTHER D. THOMAS, Clerk
By: _J Sewell_ (signature)
Deputy Clerk


SO ORDERED AND ADJUDGED:

Date: __2/16/05__


_Thomas W. Thrash_ (signature)

Judge, United States District Court,
Northern District of Georgia

- 5 -