IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OPTIMUM TECHNOLOGIES, INC.,

   Plaintiff,

     v.

THE HOME DEPOT USA, INC., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:04-CV-3260-TWT

OPINION AND ORDER

This is an action for trademark infringement. It is before the Court on the Motion for Partial Summary Judgment [Doc. 59] of Defendant The Home Depot U.S.A., Inc. For the reasons set forth below, the Motion for Partial Summary Judgment is GRANTED.

I. BACKGROUND

Plaintiff Optimum Technologies, Inc. ("Optimum") is a family-owned company based in Cartersville, Georgia. It manufactures and sells a variety of flooring-related products. Optimum's main revenue producing product is the Lok-Lift Rug Gripper, a product that can be applied in strips to the back of rugs and mats to secure them in place and prevent slippage on hard surfaces and carpets. Optimum is the registered

owner of the LOK-LIFT mark.  Defendant The Home Depot USA, Inc. ("Home Depot") is a retailer of home improvement products, with approximately 1,700 retail stores throughout the United States.

From January 1994 until approximately January 2003, Optimum had a distributorship relationship with Henkel Consumer Adhesives, Inc. ("HCA"), a corporation that develops and distributes consumer goods.  Pursuant to that relationship, HCA purchased Lok-Lift Rug Gripper from Optimum and then sold the product to various retailers, including Home Depot, Ace Hardware, and Lowe's.  In 1998, however, HCA began the process of developing a foam-backed latex material that would hold rugs and mats in place on floors.  HCA viewed the product as a potential replacement for Lok-Lift Rug Gripper.  HCA's product, which was eventually named Hold-It For Rugs, is similar to Lok-Lift Rug Gripper.  But there are some differences between the products.  For instance, Hold-It For Rugs has an adhesive substance on only one side of the product rather than both sides.  In addition, the products do not have identical uses.  Hold-It For Rugs is not intended to, and does not, hold rugs in place on carpet, whereas Lok-Lift Rug Gripper works on hard surfaces as well as carpet.

In October 2002, HCA provided notice to Home Depot of its plans to substitute Hold-It For Rugs for Lok-Lift Rug Gripper.  (Def.'s Statement of Material Facts ¶¶

16-17.)  In December 2002, HCA launched its new product and began shipping Hold-It For Rugs to retailers.  At some point in late 2002 or early 2003, Home Depot began receiving shipments of Hold-It For Rugs from HCA.  (Id. ¶ 25.)  However, the retail stores did not update their shelf tags or register receipts with the correct product name.  Therefore, although HCA was now shipping Hold-It For Rugs instead of Lok-Lift Rug Gripper, Home Depot displayed Hold-It For Rugs on shelves labeled Lok-Lift Rug Gripper.  In addition, presumably because HCA distributed Hold-It For Rugs using the same SKU number that had been associated with Lok-Lift Rug Gripper, when customers purchased Hold-It For Rugs it would ring up as Lok-Lift Rug Gripper.  In addition, Optimum alleges that the Home Depot website and comments by Home Depot store personnel led consumers to believe that Lok-Lift Rug Gripper and Hold-It For Rugs were the same product.

Optimum alleges that Home Depot willfully infringed its trademark, in violation of the Lanham Act, 15 U.S.C. § 1114, and seeks injunctive relief and monetary relief in the form of profits, enhanced damages, and attorney's fees and costs.  Optimum also asserts a claim for false advertising under 15 U.S.C. § 1125(a).  Home Depot moves for summary judgment on the issue of damages and the false advertising claim.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  DISCUSSION

### A.  Monetary Relief

The Lanham Act provides that a successful plaintiff may recover: (1) the defendant's profits; (2) any damages sustained by the plaintiff; and (3) the cost of the action.  15 U.S.C. § 1117; Ramada Inns, Inc. v. Gadsden Motel Co., 804 F.2d 1562, 1564 (11th Cir. 1986).  Additionally, a court may, in its discretion, reduce or enhance the resulting award up to three times the amount of profits or damages, whichever is greater, as justice shall require.  Babbit Elecs., Inc. v. Dynascan Corp., 38 F.3d 1161,

1183 (11th Cir. 1994). Optimum seeks to recover Home Depot's profits, costs and attorney's fees, as well as enhanced damages.[1] Home Depot argues that Optimum is not entitled to any form of monetary relief.

    1.    Profits

Optimum seeks an award of Home Depot's profits as damages for infringing its trademark. Home Depot argues that Optimum is not entitled to an accounting for profits because it cannot establish that Home Depot acted purposefully or that the alleged infringement was willful and deliberate. The Lanham Act allows the district court discretion in determining the proper relief due a successful plaintiff, including whether an accounting for profits is justified in light of the circumstances of the case. See 15 U.S.C. § 1117(a); Burger King Corp. v. Mason, 855 F.2d 779, 781 (11th Cir. 1988). The Eleventh Circuit Court of Appeals has determined that an accounting for profits is appropriate where: (1) the defendant's conduct is a deliberate and willful violation; (2) the infringer is unjustly enriched; or (3) the sanction is necessary for future deterrence. Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1521 (11th Cir. 1990) (citing Maltina Corp. v. Cawy Bottling Co., Inc., 613 F.2d 582, 584-85 (5th

---

[1] Optimum does not seek to recover actual damages. (See Def.'s Mem. of Law in Support of Mot. for Partial Summ. J., at 5.; Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Partial Summ. J., at 10.)

Cir. 1980)[2]); see also Burger King Corp. v. Weaver, 169 F.3d 1310, 1322 (11th Cir. 1999) (award of lost profits justified by either need for future deterrence or defendant's willful and deliberate conduct).  Accordingly, although a showing of willful infringement or bad faith is grounds for recovering profits, such a showing of culpability is not a prerequisite to recovery, provided the plaintiff shows that the defendant is "purposely using the trademark."  Mason, 855 F.2d at 781 ("Nor is an award of profits based on either unjust enrichment or deterrence dependent upon a higher showing of culpability on the part of defendant, who is purposely using the trademark."); see Gold Kist Inc. v. ConAgra, Inc., 708 F. Supp. 1291, 1304 (N.D. Ga. 1989) ("[T]he Eleventh Circuit does not require a higher showing of culpability, e.g., bad faith, malice, etc., in order to recover profits."); see also Banjo Buddies, Inc. v. Renosky, 399 F.3d 168, 174-75 (3d Cir. 2005) (willfulness is an important equitable factor but not a prerequisite to an award of profits); Quick Techs., Inc. v. Sage Group PLC, 313 F.3d 338, 349 (5th Cir. 2002) (same).

The Court finds that Optimum is not entitled to recovery of Home Depot's profits under any of the three theories.  Willfulness is evidenced when the defendant is "knowingly and deliberately cashing in upon the good will" of the trademark

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

owner.³  See Mason, 855 F.2d at 781 (citing Wolfe v. National Lead Co., 272 F.2d 867, 871(9th Cir. 1959)).  Here, there is no evidence that Home Depot engaged in deliberate or willful infringement of Optimum's mark.  Rather, the evidence shows that any alleged infringement by Home Depot was unintentional and remedied upon notification of the improper uses of the marks.  Although Optimum contends that Home Depot was informed by HCA of an impending product substitution, there is no evidence that Home Depot was aware of the actual implementation of the substitution.  Furthermore, after being notified that Hold-It For Rugs was being displayed on shelves labeled Lok-Lift Rug Gripper and that register receipts were improperly identifying the products, Home Depot updated its computer database to correct the product descriptions.  Updating the database would serve to generate new shelf tags and update the information printed on register receipts.  When informed that its corrective measures were not completely successful in some stores, Home Depot again took steps to remedy the situation by initiating a price change for Hold-It For Rugs, which automatically generated new shelf tags, and sent an alert to every retail store

---

³Optimum argues that Home Depot's willful blindness is sufficient to support a recovery of profits.  However, the theory of willful blindness applies to the recovery of profits pursuant to 15 U.S.C. § 1117(b), which addresses counterfeit marks, rather than 15 U.S.C. § 1117(a), the section of the Lanham Act at issue here.  See Chanel, Inc. v. Italian Activewear of Fla., Inc., 931 F.2d 1472, 1476 (11th Cir. 1991); Tommy Hilfiger Licensing, Inc. v. Goody's Family Clothing, Inc., No. 1:00-CV-1934-BBM, 2003 WL 22331254, *17 (N.D. Ga. 2003).

instructing the managers and their assistants to ensure that the product SKUs were current.  Home Depot's conduct does not evidence a knowing and deliberate attempt to cash in on the good will of Optimum.  See id.; see also Lindy Pen Co., Inc. v. Bic Pen Corp., 982 F.2d 1400, 1406 (9th Cir. 1993) ("[T]his court has cautioned that an accounting is proper only where the defendant is attempting to gain the value of an established name of another.") (internal punctuation omitted).

In addition, there is no evidence of unjust enrichment nor is there evidence of the need to deter others from infringing Optimum's mark.  The evidence does not establish that Home Depot was purposely using the Optimum mark.  See Mason, 855 F.2d at 781.  It had no reason to do so.  As discussed above, the evidence instead shows that Home Depot has purposely tried not to use the Optimum mark improperly.  Thus, awarding profits under the deterrence rationale would serve as an impermissible penalty.  See 15 U.S.C. § 1117(a).  Unjust enrichment would exist if Home Depot's sales were attributable to its alleged infringing use of the Optimum mark.  See Burndy Corp. v. Teledyne Indus., Inc., 748 F.2d 767, 772 (2d Cir. 1984); Rainbow Play Sys., Inc. v. GroundScape Techs., LLC, 364 F. Supp. 2d 1026, 1036 (D. Minn. 2005); Cuisinarts, Inc. v. Robot-Coupe Int'l, Corp., 580 F. Supp. 634, 639-40 (S.D.N.Y. 1984).  The burden is on the plaintiff to prove this connection by pointing to evidence of actual consumer confusion.  Burndy Corp., 748 F.2d at 772; see George Basch Co.,

Inc. v. Blue Coral, Inc., 968 F.2d 1532, 1538 (2d Cir. 1992) ("[I]t follows that a profits award, premised upon a theory of unjust enrichment, requires a showing of actual consumer confusion--or at least proof of deceptive intent so as to raise the rebuttable presumption of consumer confusion."). Optimum, however, has not presented any evidence of consumer confusion caused by the shelf tags or the receipts printed following purchase and, therefore, has failed to establish the causal link necessary to prove unjust enrichment. Based upon "the character of [Home Depot's] conduct surrounding the infringement," Mason, 855 F.2d at 782, the Court finds that Optimum is not entitled to a recovery of profits. Summary judgment is appropriate.

### 2. Attorney's Fees

The Court has discretion to award attorney's fees to a prevailing party in an "exceptional case." 15 U.S.C. § 1117(a); Babbit Elecs., 38 F.3d at 1183. Exceptional cases are those in which the infringing party acts in a malicious, fraudulent, deliberate, or willful manner. Lipscher v. LRP Publ'ns, Inc., 266 F.3d 1305, 1320 (11th Cir. 2001) (quoting Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc., 106 F.3d 355, 363 (11th Cir. 1997)); Gold Kist, 708 F. Supp. at 1304; see also Safeway Stores, Inc. v. Safeway Disc. Drugs, Inc., 675 F.2d 1160, 1169 (11th Cir. 1982) (attorney's fees should only be awarded in "exceptional circumstances and on evidence of fraud or bad faith"). This is not an exceptional case. There is no evidence

that Home Depot maliciously, fraudulently, deliberately, or willfully infringed Optimum's trademark based on the shelf labels or receipts. To the contrary, the evidence shows that shortly after Home Depot was notified of the alleged infringement, it took steps to correct and remove the improper uses of the Lok-Lift mark. Although Optimum argues that the infringing uses have continued, the evidence shows that Home Depot has responded to Optimum's complaints and continues to work to remove any reference to Lok-Lift Rug Gripper from its stores. Nothing in the record suggests bad faith or the knowing and deliberate infringement of Optimum's trademark. Because this is not an "exceptional case," summary judgment for Home Depot is proper with respect to attorney's fees and costs.

### 3. Enhanced Damages

A plaintiff is not automatically entitled to enhanced damages. Burger King Corp. v. Mason, 710 F.2d 1480, 1495 n.11 (11th Cir. 1983). However, the Lanham Act gives the Court wide discretion to adjust damages when "the amount of the recovery based on profits is either inadequate or excessive." 15 U.S.C. § 1117(a). An award of enhanced damages may not be punitive and must be based upon a showing of actual harm. Babbit Elecs., 38 F.3d at 1183. Because the Court has determined that Optimum is not entitled to a recovery of Home Depot's profits, Optimum is

likewise not entitled to an enhancement based upon inadequacy of recovery. Thus, Home Depot is entitled to summary judgment on this claim.

      B.    <u>False Advertising</u>

Section 43(a)(1)(B) of the Lanham Act prohibits false or misleading descriptions or representations of fact in commercial advertising or promotion that misrepresent the nature, characteristics, qualities, or geographic origin of another's goods. 15 U.S.C. § 1125(a)(1)(B). To prevail on a false advertising claim under the Lanham Act, a plaintiff must prove that: (1) the advertisements were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product affects interstate commerce; and (5) the plaintiff has been, or is likely to be, injured as a result of the false advertising. <u>Hickson Corp. v. Northern Crossarm Co.</u>, 357 F.3d 1256, 1260 (11th Cir. 2004). Optimum does not contend that Home Depot made false or misleading statements in a traditional advertising campaign. Rather, Optimum alleges that Home Depot is liable for false advertising because: (1) sales personnel represented that Hold-It For Rugs and Lok-Lift Rug Gripper are the same; (2) the two products were displayed side-by-side in the same carton; and (3) Home Depot's website contained a picture of a product that was

advertised as being Lok-Lift Rug Gripper and described as having the features and benefits of Lok-Lift Rug Gripper. (Pl.'s Opp'n, at 23-24.)

As an initial matter, the Lanham Act prohibits only those false or misleading statements that occur in the context of "commercial advertising or promotion." See 15 U.S.C. § 1125(a)(1)(B); see also Podiatrist Ass'n, Inc. v. La Cruz Azul de Puerto Rico, Inc., 332 F.3d 6, 19 (1st Cir. 2003) ("commercial advertising or promotion" is a crucial statutory limitation); Garland Co. v. Ecology Roof Sys. Corp., 895 F. Supp. 274, 277 (D. Kan. 1995) ("[T]his court has found no indication that Congress, through its use of the language 'commercial advertising or promotion,' intended to extend Lanham Act coverage to every isolated alleged misrepresentation made to a potential customer by a business competitor."). The Lanham Act does not define either "advertising" or "promotion." However, a number of circuits, attributing the terms their plain and ordinary meanings, have adopted a four-part test for determining whether a misrepresentation constitutes "commercial advertising or promotion."[4] Under this test, the communication must be: (1) commercial speech; (2) by a defendant in commercial competition with the plaintiff; (3) for the purpose of influencing consumers to purchase the defendant's goods or services; and (4) disseminated sufficiently to the relevant purchasing public in such a way as to

---

[4]The Eleventh Circuit Court of Appeals has not yet addressed this issue.

constitute "advertising" or "promotion." Podiatrist Ass'n, 332 F.3d at 19; Rice v. Fox Broad. Co., 330 F.3d 1170, 1181 (9th Cir. 2003); Proctor & Gamble Co. v. Haugen, 222 F.3d 1262, 1273-74 (10th Cir. 2000); Seven-Up Co. v. Coca-Cola Co., 86 F.3d 1379, 1383-84 (5th Cir. 1996); BellSouth Adver. & Publ'g Corp. v. Lambert Publ'g, 45 F. Supp. 2d 1316, 1323 (S.D. Ala. 1999); Gordon & Breach Science Publishers S.A. v. American Inst. of Physics, 859 F. Supp. 1521, 1535-36 (S.D.N.Y. 1994); see also Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48, 56-57 (2d Cir. 2002) (adopting first, third, and fourth elements and declining to decide whether defendant and plaintiff must be competitors). Comments by sales personnel and product placement does not qualify as "commercial advertising or promotion" for purposes of the Lanham Act.

The alleged statements made by individual Home Depot sales personnel are not commercial advertising or promotion because the statements were not sufficiently disseminated to the purchasing public. In order to qualify as advertising or promotion, statements must be widely disseminated and "part of an organized campaign to penetrate the relevant market." Fashion Boutique, 314 F.3d at 57; Auto-Chlor Sys. of Minn., Inc. v. JohnsonDiversey, 328 F. Supp. 2d 980, 1019 (D. Minn. 2004). Thus, the statements must be directed at a class or category of consumers, not simply particular individuals. Podiatrist Ass'n, 332 F.3d at 19. Optimum alleges that Home

Depot employees falsely represented to consumers that Lok-Lift Rug Gripper and Hold-It For Rugs were the same, share the same benefits, and can be used for the same applications. (Pl.'s Statement of Additional Material Facts ¶ 13.) However, other than hearsay statements, Optimum has failed to present any evidence that these statements were made and has failed to identify any particular employee or employees who made these representations. Furthermore, Optimum has not presented any evidence that these statements were part of an organized campaign to penetrate the market place. Unless the relevant purchasing market is particularly limited, which is not the case here, isolated statements by sales personnel to individual customers do not satisfy the requirement of sufficient dissemination. Fashion Boutique, 314 F.3d at 58 (27 oral statements by sales personnel in a marketplace of thousands of customers insufficient to establish widespread dissemination); First Health Group Corp. v. BCE Emergis Corp., 269 F.3d 800, 803 (7th Cir. 2001) ("Advertising is a form of promotion to anonymous recipients, as distinguished from face-to-face communication."); Garland, 895 F. Supp. at 279 (misrepresentation directed only at one customer did not disseminate the misrepresentation sufficiently to the public); Medical Graphics Corp. v. SensorMedics Corp., 872 F. Supp. 643, 650 (D. Minn. 1994) (statements by one sales representative to individual potential customer not actionable where potential market for medical products was large). Thus, even if

Optimum had presented admissible evidence of particular false or misleading statements made by Home Depot sales personnel to individual customers, there is no evidence that these statements were disseminated sufficiently to constitute commercial advertising or promotion. Summary judgment on Optimum's false advertising claim based on representations made by Home Depot sales personnel is warranted.

The fact that Lok-Lift Rug Gripper and Hold-It For Rugs were displayed side-by-side likewise fails to constitute "commercial advertising or promotion." First, product placement is not commercial speech. The meaning of commercial speech in the context of Section 43(a)(1)(B) of the Lanham Act tracks the First Amendment "commercial speech" doctrine. Gordon & Breach, 859 F. Supp. at 1536. Commercial speech has been defined by the Supreme Court as "expression related solely to the economic interests of the speaker and its audience" and "speech which does no more than propose a commercial transaction." Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of N.Y., 447 U.S. 557, 561-62 (1980); City of Cincinnati v. Discovery Network, Inc., 507 U.S. 410, 422 (1993). It is difficult to see how merely displaying products on a store shelf qualifies as speech. Moreover, even if the products were placed in the same carton or under the same label, placing one product next to another cannot be viewed as proposing a particular commercial transaction or promoting one product ahead of another. If product placement such as that alleged here was

sufficient to constitute commercial advertising or promotion, grocery store aisles, with competing products displayed one after another and often inadvertently placed over an incorrect store tag, would constitute actionable false advertising. Moreover, even assuming that product placement falls within the definition of commercial speech, there is no evidence that Home Depot is in commercial competition with Optimum. Therefore, placing Lok-Lift Rug Gripper next to Hold-It For Rugs on store shelves does not support a claim for false advertising.

Lastly, Optimum contends that Home Depot is liable for false advertising based upon a product page on the Home Depot website. Assuming that the website constitutes commercial advertising or promotion, the Court must determine whether the representations contained on the page are false or misleading. According to Optimum, the web page at issue contained a picture of Hold-It For Rugs but identified the product as Lok-Lift Rug Gripper and advertised that the product had the features and benefits of Lok-Lift Rug Gripper. However, there is no evidence to support Optimum's claim that the product pictured on the website was actually Hold-It For Rugs. In fact, although no party or deponent could identify which product was actually pictured, they all agreed that the product was *not* Hold-It For Rugs.[5] (Davis

---

[5]Optimum's 30(b)(6) designee testified that the pictured product was not Hold-It For Rugs but appeared to be a different Manco, or HCA, product. (Davis Dep. 210-11.) However, until the termination of the relationship between Optimum and HCA,

Dep. at 210-11; Matheny Dep. of 6/8/05 at 7-8.)  Because the product pictured could not be identified, the product description is attributed to Lok-Lift Rug Gripper, the listed product.  Accordingly, the description could not be literally false.

Advertisements that are literally true but are misleading can still be actionable under Section 43(a)(1)(B).  However, in order to establish that an advertisement is misleading for purposes of a false advertising claim, the plaintiff must "present evidence of deception" in the form of consumer surveys, market research, expert testimony, or other evidence.  Hickson Corp., 357 F.3d at 1261; Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1247 (11th Cir. 2002).  The only evidence offered by Optimum of alleged consumer deception is a consumer complaint made to HCA and recounted in an "Inquiry, Complaint and Praise Log." According to the narrative prepared by a HCA customer service representative, the customer ordered a product from Home Depot's website because it said it was Lok-Lift Rug Gripper but was shipped Hold-It For Rugs.  (Pl.'s Opp'n, Ex. 11.)  One instance of consumer confusion falls short of constituting a consumer survey, market research, or expert testimony and is insufficient to establish consumer deception

---

Lok-Lift Rug Gripper was packaged as a HCA product.  Thus, it is possible that the unidentified product pictured on the website was in fact an older picture of Lok-Lift Rug Gripper.

caused by the web page. Home Depot is, therefore, entitled to summary judgment on Optimum's false advertising claim based on the website.

## IV.  CONCLUSION

For the reasons set forth above, Defendant Home Depot U.S.A., Inc.'s Motion for Partial Summary Judgment [Doc. 59] is GRANTED.

SO ORDERED, this 2 day of December, 2005.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge